Dean TUSSING, Appellant,

v.

GEORGE A. HORMEL & CO. and
Liberty Mutual Insurance
Company, Appellees.

No. 86–1266.

Supreme Court of Iowa.

Jan. 20, 1988.

E.W. Wilcke, Spirit Lake, and Robert L. Ulstad, Fort Dodge, for appellant.

Tito W. Trevino, Fort Dodge, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL and ANDREASEN, JJ.

HARRIS, Justice.

Dean Tussing began working for George A. Hormel & Co. in 1954. During his employment he suffered a number of injuries, including a 1982 injury to his left shoulder and a 1983 injury to his back. Neither of these caused him to miss work and he received no compensation for either. On May 9, 1983, he injured his right shoulder and right bicep, causing him to miss nine days of work. He received compensation for the days off.

Tussing denied having any problems with his right shoulder prior to 1983, but injury reports filed with Hormel show otherwise. He reported muscle strains in his right shoulder on several occasions prior to 1983. He was diagnosed as having a ruptured long head of the right biceps tendon as early as 1970.

On July 20, 1984, Tussing had an operation on his right shoulder. An orthopedic surgeon removed the stump of the biceps tendon that had ruptured in 1970, and restitched the torn rotator cuff. The surgeon attributed ten to twenty percent impairment of the upper extremity to the rupture of the biceps tendon. He gave no rating of the impairment to the rotator cuff tear, stating there was no way to predict when the rotator cuff had been torn. He did state that he suspected the cuff was damaged when the biceps tendon was torn. He also stated he believed Tussing's shoulder was injured on the job.

Upon Tussing's application for workers' compensation benefits the commissioner reversed a finding by the deputy commissioner that the statute of limitations had run on any incident in August 1982 and that Tussing had not proved an injury was sustained which arose out of and in the course of his employment either on April 26, 1983, or on May 9, 1983. The commissioner denied benefits. On judicial review the district court found there was substantial evidence in the record to support the commissioner's decision. This appeal followed.

■ I. On appeal to this court Tussing asks us to consider certain matters not preserved for review. First he would chal-

lenge whether the commissioner, who did not view the witnesses, could overrule the deputy's findings on witness credibility. It is clear that the issue was not considered by the district court and no motion to enlarge was made under Iowa rule of civil procedure 179(b). *See* Iowa R.Civ.P. 333(c); *Osborne v. Iowa Natural Resources Council*, 336 N.W.2d 745, 747 (Iowa 1983). The question was not preserved.

Also Tussing would have us consider whether an admission made by the employer transformed this proceeding into one for review-reopening. Tussing would further have us consider benefits under a gradual or cumulative trauma theory. *See McKeever Custom Cabinet v. Smith*, 379 N.W.2d 368 (Iowa 1985). Neither of these matters was presented to or decided by the commissioner or the district court. Contentions not raised at the agency hearing or in district court may not be argued before us for the first time. *Armstrong v. State of Iowa Bldgs. & Grounds*, 382 N.W.2d 161, 167 (Iowa 1986); *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 794 (Iowa 1982). The matters were thus not preserved and we give them no further consideration.

■ II. This leaves only the question whether substantial evidence supported the commissioner's finding that there was a lack of proof that an injury to the right shoulder occurred on May 9, 1983. Tussing argues strenuously that the evidence does not support the commissioner's rejection of his contention that he was injured on May 9, 1983. Tussing raised his contention alternatively. He argued the May 9 injury either was an original injury or was the aggravation of a pre-existing injury.

This is, of course, an issue on which Tussing had the burden of proof and he offered a considerable amount to support it. Company medical reports and the fact that Tussing was paid benefits for the resulting time missed after May 9, 1983, strongly support his contention. In its answer the company denied Tussing's allegation of the May 9 injury but offered no evidence contradicting it.

The deputy industrial commissioner was persuaded by Tussing's uncontradicted showing but was reversed by the commissioner. This becomes especially exasperating to Tussing because, as mentioned, he failed to preserve error on an assignment which would challenge the appropriateness of allowing a reversal based on witness credibility by the commissioner. The commissioner ordinarily would not personally observe witnesses. A deputy commissioner ordinarily does view them.

We cannot say this was one of the rare cases where one bearing a burden of proof has established it as a matter of law. On the other hand we are unable to determine any basis for the commissioner's rejection of the overwhelming evidence which convinced the deputy commissioner that a work-related injury occurred on May 9, either as an original one or as the aggravation of a pre-existing injured condition. The commissioner should have but did not state any reasons for rejecting this evidence. If the evidence was rejected the reason for its rejection should be assigned by the commissioner for purposes of judicial review. *See McDowell v. Town of Clarksville*, 241 N.W.2d 904, 908–09 (Iowa 1976); *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 908 (Iowa 1974).

The judgment of the trial court is reversed and the case is remanded to the commissioner with instructions to reconsider the evidence relating to a work-related injury occurring on May 9, 1983, either as a work-related injury or as an aggravation of a previous one.

REVERSED AND REMANDED.