Dean TUSSING, Appellee,

v.

GEORGE A. HORMEL & CO., and
Liberty Mutual Insurance
Company, Appellants.

No. 89–1440.

Supreme Court of Iowa.

Oct. 17, 1990.

Tito W. Trevino of Trevino, Leehey &
Schnurr, Fort Dodge, for appellants.

E.W. Wilcke of Wilcke Law Firm, Spirit
Lake, and Robert L. Ulstad of Ulstad Law
Office, Fort Dodge, for appellee.

Considered by HARRIS, P.J., and
CARTER, LAVORATO, NEUMAN, and
SNELL, JJ.

CARTER, Justice.

George A. Hormel & Co., the employer
of Dean Tussing, a workers' compensation
claimant, and the employer's insurance
carrier, Liberty Mutual Insurance Compa-
ny, appeal from a district court order en-
tered in a judicial review proceeding under
Iowa Code section 17A.19 (1989). The chal-
lenged order was made in reviewing the
decision of the industrial commissioner fol-
lowing our remand order in a previous ap-
peal. *See Tussing v. George A. Hormel &
Co.*, 417 N.W.2d 457 (Iowa 1988).

Prior to the first appeal, the industrial
commissioner had denied benefits to the
claimant. The district court upheld that
decision. We reversed that determination
on the basis that the agency had failed to
provide adequate reasons for rejecting the
claimant's evidence of disability. Follow-
ing our remand order, the industrial com-
missioner again denied benefits to the
claimant. The district court reversed that
decision and ordered reinstatement of a
May 1985 decision of a deputy industrial
commissioner which found that the claim-
ant had suffered a job-related disability to
his body as a whole. Upon considering the
arguments of the parties on this latest
appeal, we affirm the district court's order
in part, reverse it in part, and again re-

mand the case to the industrial commissioner for further proceedings.

Claimant, Dean Tussing, began working for George A. Hormel & Co. in 1954. Over the years, he suffered numerous work-related injuries in that employment. The present case involves a workers' compensation claim which he filed with respect to an alleged injury of May 9, 1983. After a hearing on that claim, a deputy industrial commissioner filed a decision in May 1985, finding that Tussing had suffered a job-related disability to his body as a whole and awarding benefits commensurate with the disability which was found to exist.

On review of the deputy's decision, the industrial commissioner reversed. The commissioner found that Tussing's credibility as a witness was questionable and that he had failed to prove that he sustained a job-related injury on May 9, 1983. On August 7, 1986, the district court upheld the commissioner's decision.

On an appeal of the district court's August 7, 1986, order, this court reversed and remanded. *Tussing v. George A. Hormel & Co.*, 417 N.W.2d 457 (Iowa 1988). In so doing, we stated:

We cannot say this was one of the rare cases where one bearing a burden of proof has established it as a matter of law. On the other hand we are unable to determine any basis for the commissioner's rejection of the overwhelming evidence which convinced the deputy commissioner that a work-related injury occurred on May 9, either as an original one or as the aggravation of a pre-existing injured condition. The commissioner should have but did not state any reasons for rejecting this evidence. If the evidence was rejected the reason for its rejection should be assigned by the commissioner for purposes of judicial review.

The judgment of the trial court is reversed and the case is remanded to the commissioner with instructions to reconsider the evidence relating to a work-related injury occurring on May 9, 1983,

either as a work-related injury or as an aggravation of a previous one.

*Id.* at 458 (citations omitted).

On remand, a new industrial commissioner again denied benefits. That commissioner also found that Tussing was not a credible or truthful witness. He also found that in May 1983 Tussing sustained only a slight aggravation of his preexisting shoulder condition which did not result in any additional permanent disability.

On judicial review of the latter decision, the district court found the agency's conclusion that Tussing was not credible was unreasonable and arbitrary. Moreover, the court believed that in light of the substantial medical testimony on the disability issue, Tussing's testimony was not significant. The court also noted that the commissioner failed to state reasons for rejecting the overwhelming medical evidence as instructed by this court. The court concluded that the evidence in the record fully supported the deputy industrial commissioner's May 1985 decision and directed the commissioner to adopt that decision as the final agency order.

The employer and insurance carrier contend that the district court was without authority to order reinstatement of the deputy commissioner's May 1985 order. They suggest that, if the industrial commissioner failed to comply with this court's remand order, the proper remedy was for the district court to remand the case to the industrial commissioner for further action. We agree with the district court that the latest decision of the industrial commissioner does not adequately respond to the legal issues presented as a result of our remand order. This failure presents a ground for reversal under Iowa Code section 17A.19(8)(e). The remedy for such omission, however, lies in a remand to the industrial commissioner. The district court and this court are without authority to reinstate the deputy's May 1985 order.

I. *Viability of Deputy Commissioner's May 1985 Decision.*

■ The May 1985 decision of the deputy industrial commissioner was a proposed

decision within the contemplation of Iowa Code section 17A.15(2). Because it was appealed to the agency (the commissioner) within the time provided by rule, the commissioner, pursuant to section 17A.15(3), assumed full responsibility for deciding anew all issues of fact and law.

On judicial review of the commissioner's order, the deputy's decision was no longer a viable step in the proceeding. In reversing a final agency order (here, the commissioner's order), a reviewing court may only direct the agency to conform its decision to those matters which have been established as a matter of law. While certain determinations contained in the deputy's decision may have been established as a matter of law, others, including the extent of the claimant's permanent disability, are issues of fact for the commissioner to determine in the first instance.[1]

II. *Whether the Industrial Commissioner Adequately Responded to the Order of Remand on the First Appeal.*

■ The final agency order involved in the prior appeal found the claimant had failed to establish that a job-related injury occurred on or about May 9, 1983, as alleged. On the first appeal, we indicated that there was a substantial body of uncontroverted medical evidence to the contrary. We also mentioned that the claimant had been paid workers' compensation benefits for a work-related injury at or about that time. In the latest decision of the industrial commissioner reference is made to a 1982 amendment to Iowa Code section 86.13 (*see* 1982 Iowa Acts ch. 1161, § 23). This enactment provides that voluntary payments "establish conclusively that the employer and insurance carrier have notice of the injury for which benefits are claimed but the payments do not constitute an admission of liability under this chapter."

■ We do not interpret this language as indicating that under no circumstances may voluntary benefit payments be considered evidence of a work-related injury. We believe, rather, that this amendment was intended to reverse prior law which viewed voluntary payments as being conclusive under some circumstances in establishing that an injury arose out of and in the course of employment. Moreover, we believe that, in making up the issues for hearing before the deputy commissioner, the parties acknowledged that some work-related injury occurred on or about May 9, 1983, for which benefits had been paid.

In the most recent opinion of the industrial commissioner, it is suggested that even if claimant established an aggravation of a preexisting condition as a result of an injury occurring on May 9, 1983, he failed to establish that the extent of disability which he currently suffers is causally connected to that injury. The rationale which the commissioner employed in arriving at this conclusion was to attribute claimant's present industrial disability to injuries preceding May 9, 1983. In so doing, the commissioner purported to apply the following principle announced in *Musselman v. Central Telephone Co.*, 261 Iowa 352, 154 N.W.2d 128 (1967):

[A] disease which under any rational work is likely to progress so as to finally disable an employee does not become a "personal injury" under our Workmen's Compensation Act merely because it reaches a point of disablement while work for an employer is being pursued. It is only when there is a direct causal connection between exertion of the employment and the injury that a compensation award can be made. The question is whether the diseased condition was the cause, or whether the employment was a proximate contributing cause.

*Id.* at 359–60, 154 N.W.2d at 132.

Appellants' reliance on the foregoing principle in the present case is misplaced.

---

**1.** In neither of the two decisions of the industrial commissioner in this proceeding did the commissioner deem it necessary to make a finding concerning the extent of the claimant's industrial disability. That was because other determinations rendered that issue moot. Notwithstanding the fact that the commissioner appears to have erred in finding an absence of a job-related injury and causal disability, it is still necessary for the commissioner to make the determination of the extent of that disability. This has not been done.

The industrial commissioner's findings after our remand order acknowledge that the disability which the claimant presently is experiencing was not from causes which were likely to progress to that stage "under any rational work." Tussing's condition reached its present stage as a result of working for over thirty years for his present employer in a job activity which caused a 1970 biceps tendon rupture to evolve into a rotator cuff rupture. When this gradually progressing physical injury first became an industrial disability is not clear.

We believe that the record establishes without contradiction that claimant did experience a work-related injury on or about May 9, 1983, which aggravated the existing condition in his right shoulder. It is not possible to establish what, if any, portion of his present disability is attributable to the prior condition of that shoulder. Consequently, this situation is similar to that presented in *Varied Enterprises, Inc. v. Sumner*, 353 N.W.2d 407, 410–11 (Iowa 1984), where it was not possible to attribute a correlative measure of disability to two or more distinct injuries.

In responding to the situation in *Varied Enterprises*, we applied the following principle from 2 A. Larson, *The Law of Workmen's Compensation* § 59.22, at 10–365 (1981):

> Apart from special statute, apportionable "disability" does not include a prior non-disabling defect or disease that contributes to the end result. Nothing is better established in compensation law than the rule that, when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable....
>
> *The essential distinction at stake here is between a pre-existing disability that independently produces all or part of the final disability, and the pre-existing condition that in some way combines with or is acted upon by the industrial injury....*
>
> To be apportionable, then, an impairment must have been independently producing some degree of disability before the accident....

(Emphasis added.) In commenting on the foregoing principle in *Varied Enterprises*, we stated that apportionment is limited to those situations where a prior injury or illness "unrelated to the employment," independently produces some ascertainable portion of the ultimate industrial disability. *Id.* at 411.

In the present case, the claimant's prior injury was related to the employment. In addition, as we have noted, it has not and cannot be established that some ascertainable prior *industrial* disability existed from the earlier injuries. Given this circumstance and the fact that an ascertainable industrial disability can be established at this time, we hold that the commissioner should have found that the extent of claimant's body-as-a-whole industrial disability due to the shoulder condition is compensable as a permanent partial disability. In addition, he is entitled to benefits for medical expenses attendant to that condition.

Based on the conclusions which we have reached, we affirm the judgment of the district court to the extent it reverses the decision of the industrial commissioner. We reverse the judgment of the district court to the extent that it ordered the commissioner to adopt the deputy commissioner's decision of May 1985 as the final agency order. We remand the case directly to the agency for a determination of the extent of the claimant's permanent partial disability of the body as a whole and related benefits. Costs on appeal are assessed one-third to appellee and two-thirds to appellants.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.