Allan L. BERGER and Jennifer
L. Berger, Appellants,

v.

IOWA DEPARTMENT OF
TRANSPORTATION,
Appellee.

No. 02–2079.

Supreme Court of Iowa.

May 12, 2004.

James C. Larew of Larew Law Office, Iowa City, for appellants.

Thomas J. Miller, Attorney General, and David A. Ferree, Special Assistant Attorney General, for appellee.

WIGGINS, Justice.

Allan and Jennifer Berger (Bergers) owned property adjacent to Highway 1, near Iowa City, Iowa. In connection with a rebuilding and widening project of Highway 1, the Bergers and the Iowa Department of Transportation (IDOT) entered into early negotiations for the acquisition of the Bergers' property. In connection

with the acquisition, the Bergers were given notice of relocation eligibility and an offer of relocation assistance. The IDOT refused to negotiate the relocation assistance with the Bergers. The Bergers filed an administrative appeal on the offer of relocation assistance. During the pendency of the appeal, the IDOT removed the rebuilding and widening project for Highway 1 from its five-year highway program. Even though the IDOT removed the Highway 1 project from its five-year highway program, the Bergers contended they were still entitled to compensation for relocation assistance. On administrative appeal, the agency decided the Bergers were not displaced persons entitled to compensation for relocation assistance for the reason that the IDOT removed the Highway 1 project from its five-year highway program, and the Bergers' property would not be acquired by the IDOT. The Bergers sought judicial review of the agency's decision in district court. The district court agreed with the agency that the Bergers were not entitled to compensation for relocation assistance. In district court, the Bergers also raised the issue of agency bias. The district court concluded given that the Bergers did not raise the issue of agency bias at the agency level, the Bergers waived this error on judicial review. The Bergers appealed the district court's decision. Because we agree the Bergers are not entitled to compensation for relocation assistance and they failed to preserve the issue of agency bias, we affirm the district court.

## I. Background Facts and Proceedings.

The Bergers, licensed veterinarians, purchased property along Highway 1, near Iowa City, Iowa. The Bergers made major revisions to the property to accommodate their home and a veterinarian clinic, which became Jennifer's full-time veterinary practice. While Allan also worked part-time at the clinic, he was employed full time as a research scientist at the University of Iowa.

In May and June 2000, the Bergers reviewed the IDOT's plans for a project to rebuild and widen Highway 1. The plans indicated the Bergers' house and clinic would have to be demolished.

In October of 2000, Allan received a job offer, which would require him to move to Champaign, Illinois. The Bergers contacted the IDOT to request an early acquisition of their property. The Bergers made this request because they contended they were unable to sell their property "for its highest and best use" as a result of the announced highway project. An IDOT representative responded to the Bergers' request in a letter dated October 9, 2000, informing the Bergers the IDOT will proceed to make an early purchase of their property, but cautioned them not to move, rent, or purchase any other replacement property until they have talked with a relocation agent.

On June 22, 2001, the IDOT made an offer to purchase the Bergers' property for $205,000. Additionally, the IDOT sent a notice of relocation eligibility and made an offer of relocation assistance for the purchase of replacement housing. The Bergers appealed the offer of relocation assistance to the agency on July 26, 2001. On August 7, 2001, during the pendency of the appeal, the IDOT informed the Bergers that the Highway 1 improvement project was no longer in the IDOT's five-year plan; therefore, the project was delayed. As a result, the Berger's property would no longer need to be acquired and they would not be entitled to relocation assistance.

On August 17, 2001, the Bergers replied to the August 7, 2001, letter and stated: "Your sudden announcement of an 'indefi-

nite delay' surely must be viewed as an abandonment of the present acquisition process." The Bergers also asked to be reimbursed for their expenses. In a January 7, 2002, letter to the Bergers, the IDOT reaffirmed its position that the Highway 1 project was not included in the five-year highway program and there would be no reason to acquire the Bergers' property. In a January 25, 2002, letter and a March 29, 2002, e-mail to the Bergers, the IDOT again stated that the Highway 1 project was not going forward and their property was not going to be acquired. In spite of these repeated notices, the Bergers demanded a hearing on their appeal contending they should be awarded compensation for relocation assistance.

An administrative hearing took place on April 30, 2002, before a three-member review committee. Richard Kautz, district 6 engineer for IDOT, chaired the review committee. By reason of his position with the IDOT, Kautz had personal knowledge of the Highway 1 project, independent from the evidence presented at the review committee hearing. At the review committee hearing, the Bergers requested $922,082 in relocation assistance. The review committee issued its decision on May 24, 2002, denying the Bergers' claim for relocation assistance on the grounds the Bergers were not displaced persons as defined by the administrative rules but awarded them $2,855.05 for expenses they had incurred in connection with the notice of relocation eligibility the Bergers received in June 2000. The district court affirmed the review committee's decision. The Bergers filed a motion to amend and enlarge the district court's findings of fact and conclusions of law, which was denied. The Bergers appeal.

## II. Were the Bergers Entitled to Relocation Assistance?

█ The Fifth Amendment to the United States Constitution and article I, section 18 of the Iowa Constitution provide that private property cannot be taken for public purposes without just compensation. U.S. Const. amend. V; Iowa Const. art. I, § 18. In addition to the payment of just compensation for the value of the property taken in a condemnation proceeding, Iowa law also provides for relocation assistance to individuals who are displaced from their property. Iowa Code § 316.3(1) (2001). Relocation assistance compensation is not considered compensation for the value of any real property acquired through condemnation or damages to the remaining real property as a result of the condemnation. *Id.* § 316.2(3).

Chapter 316 of the Iowa Code contains Iowa's relocation assistance law. *Id.* § 316.1. The legislature delegated to the IDOT the authority to promulgate administrative rules necessary to effect the provisions of chapter 316. *Id.* § 316.9. The legislature also delegated to the IDOT the power to set up an appeals process to determine the eligibility of an aggrieved person for relocation assistance. *Id.* § 316.9(4). The decision rendered in the review process is the final agency action of the displacing agency. *Id.*

Pursuant to section 316.9, the IDOT promulgated the administrative rules for real property acquisition and relocation assistance in chapter 761–111 of the Iowa Administrative Code. The rules incorporated the October 1997 edition of section II of the manual entitled *"Uniform Manual, Real Property Acquisition and Relocation Assistance"* by reference. Iowa Admin. Code r. 761–111.1 (1997). The appeal regarding relocation assistance is made to the agency whose determination is being appealed. Iowa Admin. Code r. 761–111.1(2)(*d*). Because the IDOT made the determination regarding the Bergers' relo-

cation assistance, the appeal was heard by the IDOT. Pursuant to the uniform manual, the IDOT appointed a three-person review committee to decide the appeal. Iowa Admin. Code r. 761–111.6(6).[1]

■ The Iowa Administrative Procedure Act contains the standards under which we review the district court's decisions on judicial review of agency action. *Locate.Plus.Com, Inc. v. Iowa Dep't of Transp.*, 650 N.W.2d 609, 612 (Iowa 2002). "The agency decision itself is reviewed under the standards set forth in section 17A.19(10)." *Mosher v. Dep't of Inspections & Appeals,* 671 N.W.2d 501, 508 (Iowa 2003). We determine whether our application of the standards set forth in section 17A.19(10) would produce the same result as reached by the district court in its application of the standards. *Id.* The Bergers argue that the IDOT's review committee misapplied the law to the facts in their appeal. Because the legislature clearly vested the IDOT with the authority to apply the law to the facts under Iowa Code section 316.9, the agency's decision can only be reversed based upon an irrational, illogical, or wholly unjustifiable application of the law to the facts. Iowa Code § 17A.19(10)(*m*).

The review committee concluded the Bergers were not displaced persons, thus they were not entitled to compensation for relocation assistance. The Bergers argue otherwise. The Bergers contend they are displaced persons under the rules adopted by the IDOT pursuant to Iowa Code section 316.9. Rule 761–111.2(7) defines displaced person as follows:

> (a) Generally. A person who moves from real property or moves the person's personal property from real property in either of the following circumstances:

> (i) As a direct result of a written notice of intent to acquire, the initiation of negotiations for, or the acquisition of, the real property in whole or in part for a program or project undertaken with federal financial assistance.

> (ii) The person moved or moved the person's personal property from real property on which the person is either a residential tenant or conducts a small business, a farm operation, or a business as defined in paragraph 111.2(3)(*d*), as a direct result of rehabilitation or demolition for a program or project undertaken with federal financial assistance in a case in which the head of the displacing agency determines that the displacement is permanent.

Iowa Admin. Code r. 761–111.2(7)(*a*)(i), (ii). The record before the review committee clearly establishes the Bergers are not displaced persons because they never moved from their real property or moved personal property from their real property under the circumstances enumerated in rule 761–111.2(7)(*a*)(i) or (ii).

The Bergers contend in spite of the fact they have not moved from their real property or moved personal property from their real property, rule 761–111.2(7)(*c*)(ix) requires the agency to provide compensation for relocation assistance. According to the rule, the term "displaced person" does not include:

> A person who, after receiving a notice of relocation eligibility (described in subrule 111.203(2)), is notified in writing that he or she will not be displaced for the program or project. Such notice shall not be issued unless the person has not moved and the agency agrees to

---

1. Unless otherwise noted, this reference and all references from this point forward to the administrative code are to the rules found in the October 1997 edition of section II of the *Uniform Manual, Real Property Acquisition and Relocation Assistance.*

reimburse the person for any expenses incurred to satisfy any binding contractual relocation obligations entered into after the effective date of the notice of relocation eligibility.

Iowa Admin. Code r. 761–111.2(7)(*c*)(ix).

The review committee found that the IDOT's letters of August 7, 2001, January 7, 2002, and January 25, 2002, together with the March 29, 2002, e-mail satisfied the notice provisions of rule 761–111.2(7)(*c*)(ix); therefore, the Bergers were not displaced persons under the rule. The Bergers contend the only notice that would disqualify them from being a displaced person is a notice stating unequivocally that their property will never be used in rebuilding or widening Highway 1.

We can only overturn the decision of the review committee if its application of the law to the facts is irrational, illogical, or wholly unjustifiable. Under this standard of review, the reviewing court must be deferential to the agency's action because the legislature decided that the agency's expertise justifies vesting primary jurisdiction over this matter in the discretion of the agency rather than in the court. Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions to Iowa State Bar Association and Iowa State Government* 70 (1998). Applying this standard, we find no basis to reverse the agency's determination that the correspondence between the IDOT and the Bergers satisfied the notice requirements of rule 761–111.2(7)(*c*)(ix). The agency has the expertise to interpret the rule in light of the language used in the correspondence between the IDOT and the Bergers. We cannot say the IDOT's application of the law to the facts by the review committee was irrational, illogical, or wholly unjustifiable. If the Bergers' property was not going to be taken for the rebuilding or widening of Highway 1, the

Bergers should not be entitled to compensation for relocation assistance. To hold otherwise would mean that the IDOT must pay the Bergers compensation for relocation assistance when the IDOT has no intention of taking their property. To pay the Bergers for relocating when they still have the economic benefits of the ownership of their property would be irrational, illogical, and wholly unjustifiable.

The Bergers argue that if they are not given assurances that their property will never be taken for the rebuilding or widening of Highway 1, the present value of their property will be negatively impacted. All persons who own property adjacent to Highway 1 are in the same predicament. The fact that the IDOT agreed to an early acquisition at the Bergers' request, and presented the Bergers with a notice of relocation eligibility, which was lawfully rescinded, should not put the Bergers in a better position than any other person who owns property adjacent to Highway 1. If Highway 1 is widened or rebuilt in the future and the Bergers' property is impacted by the project, at that time the Bergers will be compensated for the taking and receive any relocation assistance to which they may be entitled under the law.

### III. Was the Decision–Making Body Properly Constituted?

■ The Bergers challenged the participation of Kautz to serve on the review committee. At the time of the review committee hearing, Kautz was a district 6 engineer for the IDOT. His area of coverage included the county in which the Bergers' property was located. Due to his position as district engineer, he had some personal knowledge of the Highway 1 project.

The Bergers claim that Kautz's participation on the review committee was improper under Iowa Code section

17A.19(10)(*e* ). If the agency action was "[t]he product of decision making undertaken by persons who were improperly constituted as a decision-making body, were motivated by an improper purpose, or were subject to disqualification," the Bergers may be entitled to relief. Iowa Code § 17A.19(*e* ). The district court concluded the Bergers failed to preserve error on this issue before the agency. We agree.

Although Bergers' counsel queried Kautz regarding his knowledge of the Highway 1 project at various points during the review committee hearing, Bergers' counsel never moved to recuse Kautz from the proceedings. The Bergers were required to raise the issue of the alleged bias in the agency proceeding, so it could have been addressed by the review committee. *See Council Bluffs Cmty. Sch. Dist. v. City of Council Bluffs*, 412 N.W.2d 171, 173 (Iowa 1987). The failure to raise the issue before the agency waives this error on appeal. *See Tussing v. George A. Hormel & Co.*, 417 N.W.2d 457, 458 (Iowa 1988).

### IV. Conclusion.

Because we find the district court's application of the law to the facts was not irrational, illogical, or wholly unjustifiable, and that the Bergers failed to preserve their error regarding agency bias, we affirm the judgment of the district court.

**AFFIRMED.**