# IN THE COURT OF APPEALS OF IOWA

No. 22-2013
Filed September 13, 2023

**NATHANIEL YANCEY JR.,**
 Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PAROLE,**
 Defendant-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


 Nathaniel Yancey Jr. appeals the district court's dismissal of his application

for judicial review of the Iowa Board of Parole's denial of his parole. **AFFIRMED.**


 Gordon E. Allen, Johnston, for appellant.

 Brenna Bird, Attorney General, and John R. Lundquist, Assistant Attorney

General, for appellee.


 Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Nathaniel Yancey Jr. appeals the district court's affirmation of the Iowa Board of Parole's (IBOP) denial of his parole and the dismissal of his application for judicial review. On our review, we find that the IBOP's decision was not unreasonable, arbitrary, capricious, or an abuse of its discretion; we also find that Yancey's separation-of-powers claim was not properly preserved for our review. We accordingly affirm the decision of the district court.

Yancey is serving a combined 105-year sentence on various state convictions.[1] He is also awaiting serving a sentence for federal offenses.[2]

---

[1] Yancey was sentenced to ten years for intimidation with a dangerous weapon and going armed with intent in 2006 (FECR199029) and five years for felon in possession in 2008 (FECR212363). He was released on parole for these charges. In 2011, while on parole, Yancey was involved in two shootings: one at Valley West Mall on November 25 and one at Club 101 on December 3 (FECR252197). *See Yancey v. State*, No. 17-0800, 2018 WL 3471600, at *1–2 (Iowa Ct. App. July 18, 2018) (offering a narrative account of these events and the judicial proceedings). As a result of his involvement in the Club 101 shooting, Yancey was found guilty of assault with intent to inflict serious injury, assault on a police officer with a weapon, assault while participating in a felony, going armed with intent, possession of a firearm by a felon, and intimidation with a dangerous weapon, with the habitual offender enhancement applying to five of those charges, and sentenced to seventy-five years in prison. *See id.; see also State v. Yancey*, No. 12-1556, 2014 WL 956020, at *1 (Iowa Ct. App. Mar. 12, 2014). As a result of his involvement in the Valley West Mall shooting, Yancey was found guilty of intimidation with a dangerous weapon, assault while participating in a felony, going armed with intent, and possession of a firearm by a felon, all as an habitual offender, and sentenced to fifteen years to run consecutively to the seventy-five-year sentence. *See Yancey*, 2018 WL 3471600, at *1 (detailing the charges); *see also State v. Yancey*, No. 12-1754, 2014 WL 955918, at *1–2 (Iowa Ct. App. Mar. 12, 2014) (presenting the facts underlying these charges). For violating the terms of parole by committing a felony, Yancey's parole was revoked and the remainder of his fifteen-year sentence was reinstated. All of these sentences add up to a total of 105 years.

[2] Federally, Yancey has a two-year sentence for possession of a controlled substance with intent to distribute and possession or use of a firearm in connection with a drug trafficking crime from 2008; he also has a term of supervision.

Because Yancey completed his mandatory minimum sentence on the state charges in March 2020, he is currently parole eligible. The Iowa Department of Corrections (IDOC) recommended Yancey for parole to federal custody pursuant to a detainer. *See* Iowa Code § 906.14(1) (2021) ("Prisoners against whom detainers have been filed may, after serving a portion of their sentence, be released by parole to the institution or authorities filing the detainer."). In April 2021, after reviewing Yancey's file, the IBOP denied Yancey parole. In doing so, the IBOP identified three specific factual considerations underlying its decision: the seriousness of Yancey's crimes and criminal history, his record of re-offending, and his propensity for violence. In the later finding, IBOP also noted that Yancey has a high Iowa Violence and Victimization Impact (IVVI) score for violence and a moderate/high score for victimization. Thus, the IBOP determined his release would not be in the best interest of Yancey or society but agreed to review Yancey's progress in twelve months. Yancey appealed this denial, and the IBOP upheld its decision in May 2021. Yancey applied for judicial review.

On judicial review, the district court upheld the IBOP's denial in October 2022, finding that the decision was not unreasonable, arbitrary, capricious, or an abuse of the IBOP's discretion. Instead, the district court found that the IBOP had included sufficient reasons for its denial and was not required by due process to give Yancey an interview or look past the seriousness of the underlying crimes. In reaching its decision, the district court also found that the IBOP properly considered Yancey's criminal history and the amount of time necessary for his release to be in the best interest of society. Yancey now appeals.

We review constitutional issues raised in agency proceedings de novo. Iowa Code § 17A.19(10)(a); *Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 762 (Iowa 2019). We review a district court decision on a petition for judicial review for correction of errors at law and determine whether our application of the standards of review set forth in Iowa Code section 17A.19(10) produces the same result reached by the district court in its application of the standards. Iowa Code § 906.3 (classifying the grant or denial of parole as other agency action); *Berger v. Dep't of Transp.*, 679 N.W.2d 636, 639 (Iowa 2004); *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 830 (Iowa 2002) (detailing the standard of review for other agency action). Because section 17A.19(10) requires the IBOP to act in a manner that is not unreasonable, arbitrary, capricious, or an abuse of discretion, we review for the same. *See* Iowa Code § 17A.19(10)(n); *Banilla Games, Inc. v. Iowa Dep't Inspections & Appeals*, 919 N.W.2d 6, 18–19 (Iowa 2018). We will reverse if the agency action "was without regard to the law or facts" or "not based on substantial evidence". *Greenwood Manor*, 641 N.W.2d at 831 (citations omitted).

Arguing he was a "model inmate" and deserved parole, Yancey disputes the district court's findings and raises two issues on appeal: that (1) the denial of parole violated Yancey's procedural due process rights and (2) the parole process in general violates separation of powers.

**A. Due Process**

"[P]arole or work release shall be ordered only for the best interest of society and the offender . . . ." Iowa Code § 906.4(1). The IBOP "shall release on parole . . . any person . . . when in its opinion there is reasonable probability that the

person can be released without detriment to the community or to the person." *Id.*
In so doing, the IBOP determines "if the person is able and willing to fulfill the
obligations of a law-abiding citizen." *Id.*

In looking at parole determinations, our supreme court held that "petitioners
have a liberty interest in parole protected by the Due Process Clause" of the United
States and Iowa Constitutions. *See Bomgaars v. State*, 967 N.W.2d 41, 48 (Iowa
2021). However, the due process related to this liberty interest requires only
"minimal procedures, including an opportunity to be heard and a statement of
reasons why parole was denied." *Id.* at 49. Once an incarcerated individual is
eligible for parole, the IBOP must hold yearly file reviews. Iowa Code § 906.5(1)(a).
During those yearly file reviews and in making the decision to grant or deny parole,
the IBOP can consider a number of factors, including:

> a. Previous criminal record;
> b. Nature and circumstances of the offense;
> c. Recidivism record;
> d. Convictions or behavior indicating a propensity for violence;
> e. Participation in institutional programs, including academic and
> vocational training;
> f. Psychiatric and psychological evaluations;
> g. Length of time served;
> h. Evidence of serious or habitual institutional misconduct;
> i. Success or failure while on probation;
> j. Prior parole or work release history;
> k. Prior refusal to accept parole or work release;
> l. History of drug or alcohol use;
> m. A parole plan formulated by the inmate;
> n. General attitude and behavior while incarcerated;
> o. Risk assessment.

Iowa Admin. Code r. 205-8.10(1); *see* Iowa Code § 906.5(3) (listing other factors
as well as that the IBOP "shall consider all pertinent information regarding the
person"); *see also State v. Propps*, 897 N.W.2d 91, 98 (Iowa 2017) (detailing the

IBOP's parole decision-making process). At the same time, "[t]here is no categorical due process requirement that after every review the [IBOP] issue . . . detailed findings of fact or conclusions of law with respect to denial of parole." *Bonilla*, 930 N.W.2d at 785. Instead, IBOP must provide "sufficient reasons to facilitate appellate review." *Id.* (finding no violation of the opportunity to be heard by a written statement of reasons by the IBOP for denying parole).

Here, the IBOP has not violated Yancey's procedural due process rights and, therefore, its action was not unreasonable, arbitrary, capricious, or an abuse of discretion. The IBOP afforded Yancey the statutorily required yearly review for 2021. The IBOP provided a statement of reasons why it denied Yancey parole that included three specific reasons in support of that decision, each of which come from the list of permissible factors: Yancey's previous criminal record, the nature and circumstances of the offenses underlying his 105-year sentence, and his recidivism record. It also looked to the best interest of society and of Yancey along with his ability to fulfill the obligations of a law-abiding citizen. Yancey had the ability to appeal the IBOP's denial of his parole and then to file his application for judicial review. These procedures are sufficient to satisfy the requirements of due process for inmates applying for parole.

Even with those procedural protections, Yancey contends the parole decision cannot rest upon the "unfettered discretion" of the IBOP and, here, they only relied upon the "amount of time served" criteria instead of focusing on his record of rehabilitation. But under the statutory standards, the parole decision rests upon the "opinion" of the IBOP. *See* Iowa Code § 906.4(1). And as support for its opinion, the IBOP's decision to deny parole was based on the seriousness

of Yancey's criminal history, his record of re-offending, and his history for violence. The IBOP properly considered that Yancey was on parole for three violent state crimes as well as two violent federal crimes at the time of the 2011 shootings, which resulted in ninety years of his sentence. Those shootings took place a few days apart, and both involved use of a dangerous weapon as well as threats toward law enforcement and fleeing. Yancey also had a history of violent behavior while in IDOC custody, and his IVVI score was high on the violence scale and moderate/high for victimization. In addition, the IBOP had sufficient evidence to conclude that release of Yancey on parole, even if to a federal detainer, was not without detriment to the community or to Yancey himself. Its decision was, therefore, not in violation of section 17A.19(10)(n).

**B. Separation of Powers**

Yancey did not raise a separation-of-powers claim to the IBOP, so it is not preserved for our review. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 688 (Iowa 1994) (recognizing judicial review is limited to those issues considered by the agency—even constitutional issues that the agency lacks the authority to decide).[3] We do not address the merits of this issue.

Because Yancey failed to establish an unconstitutional deprivation of due process, we affirm the district court's decision. We do not reach the separation-of powers-challenge as Yancey failed to preserve any alleged error.

**AFFIRMED.**

---

[3] Yancey also did not raise the issue to the district court on judicial review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").